PLUMBERS LOCAL UNION NO. 17 OF the UNITED ASSOCIATION OF JOURNEYMEN, PLUMBERS AND PIPEFITTERS OF the UNITED STATES AND CANADA, AFL–CIO (FSM MECHANICAL CONTRACTOR, INC.), Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 76–2059.

United States Court of Appeals, Sixth Circuit.

May 4, 1978.

586

Patrick Johnson, Jr., Robert A. Tillman, Jim B. Johnson, Johnson, Johnson & Johnson, Memphis, Tenn., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Jay Shanklin, N. L. R. B., Washington, D. C., Raymond A. Jacobson, Director, Region 26, N. L. R. B., Memphis, Tenn., for respondent.

Before CELEBREZZE, LIVELY and KEITH, Circuit Judges.

## ORDER

The petitioner has filed an application to review and set aside an order of the National Labor Relations Board which is reported at 224 N.L.R.B. No. 173. The Board has filed a cross-application for enforcement of its order. The Board found that the union violated §§ 8(b)(1)(A) and 8(b)(2) of the National Labor Relations Act as amended, 29 U.S.C. §§ 151 *et seq.* The violations found by the Board relate to the union's failure to admit a former member to membership and its refusal to place this former member's name on its job referral list, thus causing prospective employers to discriminate against him.

Central to the Board's finding of violations was its subsidiary finding that the union operated an "exclusive hiring hall." This finding is supported by substantial evidence in the record and is not clearly erroneous. The union argues that there is no evidence that the former member's economic rights were violated. However, the Board was justified in concluding from the evidence that members of the contractor's association which provided the jobs to plumbers in the Memphis area would not hire a plumber who was not cleared by the union. At least one employer testified that the former member's name was not on the referral list when he inquired and that he would have employed this plumber if his name had been included. The evidence further supports the finding that the union discriminated against the former member by handling his application for membership differently than those of other applicants who had never brought charges against the union.

Finally, the Board's remedial order, including a requirement that the union make the former member whole for loss of pay suffered by reason of discriminatory acts, is consistent with the order approved by the Supreme Court in *Radio Officers' Union v. N. L. R. B.*, 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455 (1954).

The application for review is denied and the order of the Board is enforced.